**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DARREL CONELL NEVELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:17-CV-0081-VEH** |
| | ) | |
| **PIGGLY WIGGLY, TOMMY** *NLN* | ) | |
| **(No Last Name), CARL** *NLN*, **DEAN** | ) | |
| *NLN*, **and CINDY** *NLN*, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

### I.    Introduction

Plaintiff Darrel Conell Nevels ("Mr. Nevels"), who is proceeding *pro se*,

initiated this action on January 17, 2017, against Defendant Piggly Wiggly. (Doc.

1). On March 8, 2017, Piggly Wiggly filed a Motion To Dismiss for Lack of

Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 9).

Perceiving jurisdictional problems with Mr. Nevels's lawsuit, on March 31, 2017,

the Court entered an Order directing Mr. Nevels to replead his complaint in a

method that addressed the Court's jurisdictional and factual plausibility concerns.[1]

The Court's Order forewarned Mr. Nevels that, if he failed to replead as ordered,

---

[1]  The Court also termed Piggly Wiggly's Motion To Dismiss as moot in light of its Order Requiring Repleader. (Doc. 11 at 6).

this case would be dismissed without prejudice for lack of subject matter jurisdiction.

On April 14, 2017, Mr. Nevels filed an Amended Complaint, reasserting claims against Piggly Wiggly as well as against "Tommy, Carl, Dean, Cindy," and John Doe(s). (Doc. 12). On April 17, 2017, Piggly Wiggly filed a Renewed Motion To Dismiss pursuant to Rule 12(b)(1). (Doc. 13, the "Motion"). The deadline for Plaintiff to respond to the Motion has now passed, and Piggly Wiggly's Motion is now under submission. As explained below, the amended complaint fails to establish this Court's jurisdiction, so this action is due to be dismissed without prejudice.

## II. Analysis

Because federal courts are tribunals of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01 (11th Cir. 2000).

Mr. Nevels makes no claim for relief in his amended complaint that the Court can readily decipher as appropriately and plausibly arising under federal law. Merely mentioning a constitutional provision or a federal rule, without providing factual detail that is comprehensible, does not transform his lawsuit into

one that plausibly states a federal claim, especially when Mr. Nevels's complaint and amended complaint, at best, implicate claims that arise only under state law. Because Mr. Nevels's complaint lacks any connection to federal substantive law, he cannot rely upon § 1331 (*i.e.*, the federal question statute) as a basis for subject matter jurisdiction.

Therefore, subject matter jurisdiction, to the extent that it does exist in this dispute, must be based upon 28 U.S.C. § 1332(a)(1) (*i.e.*, the diversity statute). Section 1332(a)(1) bestows this Court with the authority to hear disputes arising under state law when complete diversity of citizenship exists between the adverse parties and the lawsuit meets the amount in controversy threshold. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]").

When evaluating the existence of diversity jurisdiction, a party's state of citizenship, rather than residency, is the key jurisdictional fact. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough." (citing *Denny v. Pironi*, 141 U.S. 121, 123, 11

S. Ct. 966, 35 L. Ed. 657 (1891))).

In his amended complaint, Mr. Nevels does not specify his state of citizenship, merely stating that he is an "individual private resident of Jefferson [C]ounty." (Doc. 12 at 1). He also does not specify the full names - much less the states of citizenship - of the newly added Defendants, who are only referenced in the case caption as "Tommy, Carl, Dean, Cindy." *Id.*

Further, Mr. Nevels has added Fictitious Defendants A, B, & C as parties in the body of his amended complaint and has added "John Doe" in the case caption. Generally speaking, fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has created a limited exception that is triggered only when the plaintiff's description of the fictitious parties is "so specific as to be 'at the very worst, surplusage.'" *Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). Mr. Nevels has failed to provide <u>any</u> description of John Doe or fictitious defendants A, B, and C, and he has failed to list their states of citizenship.

Mr. Nevels's complaint contains additional jurisdictional deficiencies with respect to his treatment of Piggly Wiggly, as he minimally and inadequately alleges Piggly Wiggly and the "property owner" are "residents of the State of Alabama." (Doc. 12 at 1). First, if Mr. Nevels is a citizen of the state of Alabama,

4

as he has implied, and he concedes that at least one defendant is a citizen of the state of Alabama, then the lack of diversity would prevent him from relying on § 1332(a)(1), as he and Piggly Wiggly would both be citizens of the <u>same</u> state.

Second, Mr. Nevels does not clarify whether Piggly Wiggly is organized as a business entity under federal or state law. If Piggly Wiggly is "a corporation chartered pursuant to federal law," then "[i]t would not be a citizen of any state for diversity purposes and diversity jurisdiction would not exist unless the corporation's activities were sufficiently 'localized' in one state." *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995) (citing *Westcap Government Securities, Inc. v. Homestead Air Force Base Federal Credit Union*, 697 F.2d 911, 911-12 n.1 (11th Cir. 1983)).[2]

If, on the other hand, Piggly Wiggly is organized under state law, then "[t]he precise question posed under the terms of the diversity statute is whether such an entity may be considered a 'citizen' of the State under whose laws it was created." *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017, 108 L. Ed. 2d 157 (1990). Further, for a non-corporate entity organized under state

---

[2] Factors for "[d]etermining whether a federal corporation is localized for diversity purposes" include "the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature." *Loyola*, 58 F.3d at 606.

law, diversity jurisdiction typically "depends on the citizenship of 'all the members,' *Chapman*, 129 U.S., at 682, 9 S. Ct., at 427, 'the several persons composing such association,' *Great Southern*, 177 U.S., at 456, 20 S. Ct., at 693, 'each of its members,' *Bouligny*, 382 U.S., at 146, 86 S. Ct., at 273." *Carden*, 494 U.S. at 195-96, 110 S. Ct. at 1021; *see also id.* at 195, 110 S. Ct. at 1021 (rejecting the proposition that a "court may consult the citizenship of less than all of [an] entity's members" when determining diversity of citizenship of non-corporate entities formed under state law).

Mr. Nevels's amended complaint contains no clearer jurisdictional picture than his initial complaint. Missing from his amended complaint are key jurisdictional facts to support diversity (*i.e.*, allegations about the citizenship of the parties)[3] or federal question jurisdiction (*i.e.*, allegations which substantiate that Mr. Nevels is pursuing a plausible <u>federal</u> claim against Defendants). The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936).

---

[3] Mr. Nevels does assert damages in excess of the threshold required for the exercise of diversity jurisdiction. (Doc. 12 at 4 ¶ 7); *see also* 28 U.S.C. § 1332(a) (providing that a "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . .").

Mr. Nevels still has not demonstrated how this Court can appropriately exercise federal jurisdiction over his dispute. Thus, Mr. Nevels has not carried his burden and a dismissal of his case without prejudice is required. *See* FED. R. CIV. P. 12(h)(3) (providing that in the absence of subject matter jurisdiction, "the court <u>must</u> dismiss the action.") (emphasis added); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (same).

## III.    Conclusion

Because Mr. Nevels has invoked the jurisdiction of this Court, and because his amended pleading does nothing to cure the numerous jurisdictional deficits that the Court has previously pointed out to him, the Motion (doc. 13) is due to be **GRANTED** and Mr. Nevels's lawsuit is due to be **DISMISSED WITHOUT PREJUDICE**. As this dismissal is "without prejudice," the merits of Mr. Nevels's claims against Defendants, if any, are not barred from further litigation in state or federal court by such an order. Finally, the Court will enter a separate order of dismissal consistent with this memorandum opinion.

**DONE** and **ORDERED** this 10th day of May, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge